**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ALDA M. A.,<br><br>Plaintiff,<br><br>v.<br><br>FRANK BISIGNANO<br>Commissioner of Social Security,<br><br>Defendant. | Case No. 2:25-cv-16201 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Plaintiff Alda M. A.'s ("Plaintiff") appeal of the final decision of the Commissioner ("Commissioner") of the Social Security Administration ("SSA")[1] denying her application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act (the "Act"), 42 U.S.C. § 405(g). (ECF No. 1.) This Court has jurisdiction pursuant to 42 U.S.C. § 405(g). Having reviewed and considered the submissions filed in connection with the appeal and having declined to hold oral argument in accordance with Local Civil Rule 78.1(b), for the reasons set forth below and for good cause shown, Plaintiff's appeal of the Commissioner's final decision is **DENIED**, and the Commissioner's decision is **AFFIRMED**.

[1] Frank Bisignano became the new Commissioner of the Social Security Administration ("SSA") on May 7, 2025. Therefore, pursuant to Federal Rule of Civil Procedure 25(d), Commissioner Bisignano is substituted as Defendant. *See also* 42 U.S.C. § 405(g) ("Any action instituted in accordance with this subsection shall survive notwithstanding any change in the person occupying the office of Commissioner of Social Security or any vacancy in such office.").

## I. BACKGROUND

### A. Procedural History

This matter arises out of a final decision denying Plaintiff's application for DIB. (Transcript of Proceedings ("Tr.") (ECF No. 6) at 1.) On January 31, 2023, Plaintiff applied for DIB, alleging disability beginning July 16, 2021 (*id.* at 137–46) based on the following allegations of impairments: bilateral tarsal tunnel syndrome in both feet and ankles, degenerative disc disease of the cervical spine at C-5 through C-6 (the lower neck vertebrae), degenerative disc disease of the lumbar spine at L-3 through L-5 (the lower back vertebrae right above the pelvis), cervical and lumbosacral radiculopathies (compressed nerves causing pain that radiates out from the lower neck and back), and asthma (inflammation of the airways, or bronchiole, causing coughing, wheezing, and troubled breathing). (Pl.'s Social Security Br. (ECF No. 7) at 2). Plaintiff's application for disability was initially denied on August 7, 2024, and was denied again upon reconsideration November 13, 2023 (Tr. at 17.) After this denial, plaintiff requested a hearing on December 13, 2023. (*Id.*)

Administrative Law Judge ("ALJ") Beth Shillin held a hearing on June 14, 2023. (Tr. at 17.) In her decision on October 15, 2024, the ALJ found that Plaintiff was not disabled within the meaning of Social Security Act sections 216(i) (42 U.S.C. § 416) and 223(d) (42 U.S.C. § 423). (*Id.* at 24.) On August 20, 2025, the Appeals Council denied Plaintiff's request for review, and determined there was no basis for disturbing the ALJ's decision. (Tr. at 1–4.)

### B. Administrative History

The ALJ employed the five-step process established by the SSA to evaluate whether the Plaintiff was eligible for social security and disability benefits. (*Id.* at 16.) At step one, the ALJ found Plaintiff "has not engaged in substantial gainful activity since . . . the alleged onset date."

(Tr. at 19.) At step two, Plaintiff was determined to have "Degenerative Disc Disease of the Lower Back; Bilateral Tarsal Tunnel Syndrome, Status Post Release (2022); Asthma; Status Post Discectomy at L3-5; and Status Post Cervical Disc Replacements at C5-7," and these "medically determinable impairments significantly limit the ability to perform basic work activities." (*Id.*). At step three, the ALJ found none of Plaintiff's impairments, either singly or in combination, met or was medically equal to one of the listed impairments in 20 C.F.R. Part 404. (*Id.* at 20.) The ALJ therefore proceeded to step four, where she determined that Plaintiff retained "residual functional capacity to perform sedentary work," with some restrictions, namely Plaintiff "cannot operate heavy machinery or work at unprotected heights; she can occasionally climb ramps/stairs, she can occasionally crouch, crawl, stoop, kneel, and balance; she can have no exposure to environmental pollutants or extremes of temperature or humidity; and she must have the option to sit or stand at will within the workstation while remaining on task." (*Id.* at 21.) The ALJ further found this capacity was sufficient to enable her to return to her prior job as a Personnel Clerk because this role as "generally performed" required only a sedentary level of activity consistent with the restrictions described by the ALJ, although the vocational specialist assessed that based on Plaintiff's description, she actually performed light work in the position when she was last employed. (*Id.* at 30.) The ALJ concluded Plaintiff was therefore not disabled for the purposes of the Act. (*Id.*)

## II. STANDARD OF REVIEW

When reviewing a final decision of the Commissioner, a district court "shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g); *see Matthews v. Apfel*, 239 F.3d 589, 592 (3d Cir. 2001).

The Commissioner's decisions regarding questions of fact are deemed conclusive by a reviewing court if supported by "substantial evidence" in the record. 42 U.S.C. § 405(g); *see Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). A district court must affirm an ALJ's decision if it is supported by substantial evidence. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citation omitted); *Newhouse v. Heckler*, 753 F.2d 283, 285 (3d Cir. 1985) (citations omitted). Substantial evidence "is more than a mere scintilla of evidence but may be less than a preponderance." *Newell v. Comm'r of Soc. Sec.*, 347 F.3d 541, 545 (3d Cir. 2003). The Supreme Court reaffirmed this understanding of the substantial evidence standard in *Biestek v. Berryhill*, 587 U.S. 97, 102–03 (2019). To determine whether an ALJ's decision is supported by substantial evidence, a court must review the evidence in its totality. *Daring v. Heckler*, 727 F.2d 64, 70 (3d Cir. 1984). "Courts are not permitted to re-weigh the evidence or impose their own factual determinations." *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Accordingly, a court may not set an ALJ's "decision aside if it is supported by substantial evidence, even if [it] would have decided the factual inquiry differently." *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).

## III. THE FIVE-STEP SEQUENTIAL EVALUATION PROCESS

Under the Act, the SSA is authorized to pay SSI and DIB to "disabled" persons. 42 U.S.C. § 1382(a). A person is "disabled" if "he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). A person is unable to engage in substantial gainful activity only if:

> his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

Regulations promulgated under the Act establish a five-step process for determining whether a claimant is disabled for purposes of SSI and DIB. 20 C.F.R. § 404.1520. First, the ALJ determines whether the claimant has shown he or she is not currently engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), (b); *see Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). If a claimant is presently engaged in any form of substantial gainful activity, he or she is automatically denied disability benefits. *Id.* Second, the ALJ determines whether the claimant has demonstrated a "severe impairment" or "combination of impairments" that significantly limits his or her physical or mental ability to do basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii), (c); *see Bowen*, 482 U.S. at 140–41. Basic work activities are defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. § 404.1522(b). These activities include:

> (1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling;
> (2) Capacities for seeing, hearing, and speaking;
> (3) Understanding, carrying out, and remembering simple instructions;
> (4) Use of judgment;
> (5) Responding appropriately to supervision, co-workers and usual work situations; and
> (6) Dealing with changes in a routine work setting.

*Id.* A claimant who does not have a severe impairment is not considered disabled. 20 C.F.R. § 404.1520(c); *see Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999).

Third, if a claimant's impairment(s) is found to be severe, the ALJ then determines whether the impairment(s) meets or equals one of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "Impairment List"). 20 C.F.R. § 404.1520(a)(4)(iii). If the claimant demonstrates his or her impairment(s) is equal in severity to, or meets, one of the impairments on the Impairment List, the claimant has satisfied his or her burden of proof and is automatically entitled to benefits. *See* 20 C.F.R. § 404.1520(d); *see also Bowen*, 482 U.S. at 141. If the claimant's specific impairment is not listed, the ALJ will consider the most similar listed impairment to decide whether the claimant's impairment is medically equivalent. *See* 20 C.F.R. § 404.1526. If there is more than one impairment, then the ALJ must consider whether the combination of impairments equals any listed impairment. *Id.* An impairment or combination of impairments is basically equivalent to a listed impairment if there are medical findings equal in severity to all the criteria for the one most similar. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir. 1992).

If the claimant is not conclusively disabled under the criteria set forth in the Impairment List, step three is not satisfied, and the claimant must prove at step four whether he or she retains the residual functional capacity ("RFC") to perform his or her past relevant work. 20 C.F.R. §§ 404.1520(e), (f); *Bowen*, 482 U.S. at 141. Step four involves three sub-steps:

> (1) the ALJ must make specific findings of fact as to the claimant's [RFC]; (2) the ALJ must make findings of the physical and mental demands of the claimant's past relevant work; and (3) the ALJ must compare the [RFC] to the past relevant work to determine whether claimant has the level of capability needed to perform the past relevant work.

*Burnett v. Comm'r of Soc. Sec.*, 220 F.3d 112, 120 (3d Cir. 2000) (citations omitted). When determining RFC, an ALJ's consideration of medical opinion evidence is subject to the framework articulated in 20 C.F.R. § 404.1527 (for claims filed before March 27, 2017) or 20 C.F.R. § 404.1520c (for claims filed after March 27, 2017).

Claimants are not disabled if their RFC allows them to perform their past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), (f). However, if the claimant's RFC prevents him or her from doing so, or if the claimant has no past relevant work, an ALJ proceeds to the fifth and final step of the process. 20 C.F.R. § 404.1520(a)(4)(g). The final step requires the ALJ to "show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with [his or] her medical impairments, age, education, past work experience, and [RFC]." *Plummer*, 186 F.3d at 428; 20 C.F.R. § 404.1520(a)(4)(v). In doing so, "[t]he ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled." *Plummer*, 186 F.3d at 428; 20 C.F.R. § 404.1523. An ALJ typically seeks the assistance of a vocational expert at this final step. *Plummer*, 186 F.3d at 428.

On appeal, the harmless error doctrine requires a plaintiff to show, as to the first four steps: (1) an error occurred; and (2) but for that error, they might have proven their disability. *Holloman v. Comm'r of Soc. Sec.*, 639 F. App'x 810, 814 (3d Cir. 2016). In other words, when reviewing an appeal based on the first four steps, a court considers whether the plaintiff articulated a basis for a decision in their favor, based on the existing record. If the plaintiff cannot, it is unlikely they will meet their burden of showing an error was harmful. *See, e.g.*, *Lippincott v. Comm'r of Soc. Sec.*, 982 F. Supp. 2d 358, 380–81 (D.N.J. 2013) (finding ALJ's error was harmless); *Powers v. Comm'r of Soc. Sec.,* Civ. A. No. 19–21970, 2021 WL 1207793, at *7 (D.N.J. Mar. 31, 2021) (finding the plaintiff had not demonstrated she was prejudiced by the ALJ's decision and had not shown an error occurred amounting to harm)

The court's review of legal issues within this appeal is plenary. *See Schaudeck v. Comm'r of Soc. Sec.*, 181 F.3d 429, 431 (3d Cir. 1999). However, factual findings are reviewed "only to

determine whether the administrative record contains substantial evidence supporting the findings." *Sykes*, 228 F.3d at 262. Substantial evidence is "less than a preponderance of the evidence but more than a mere scintilla." *Jones v. Barnhart*, 364 F.3d 501, 503 (3d Cir. 2004) (citation omitted). Substantial evidence also "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation and internal quotation marks omitted). When substantial evidence exists to support the Commissioner's factual findings, this Court must abide by those determinations. *See id.* (citing *Schaudeck*, 181 F.3d at 431); 42 U.S.C. § 405(g).

## IV. DECISION

Plaintiff argues the ALJ's decision should be overturned on two grounds. First, she argues the ALJ failed to consider Plaintiff's pain and subjective testimony regarding the severity of her symptoms. (ECF No. 7 at 12.) Second, she argues the ALJ finding of an RFC sufficient to perform sedentary work is based on an improper consideration of the medical evidence in the record. (*Id.* at 20.) In response, the Commissioner points out an ALJ is not required to credit the subjective complaints of applicants and argues the ALJ properly considered the medical evidence on the record. (ECF No. 11 at 12–13).

### A. The ALJ properly considered Plaintiff's pain and subjective complaints and did not err finding them inconsistent with the objective medical evidence.

Plaintiff claims the ALJ refused to consider either the degree of pain Plaintiff experiences or her self-reported subjective limitations. It is true that "[p]ain may be disabling" and for that reason "a claimant's assertions of pain must be given serious consideration." *Smith v. Califano*, 637 F.2d 968, 972 (3d Cir. 1981). This is true even where claimant's self-reported pain "assertions are not fully confirmed by objective evidence," and is more true where the claimant's pain is confirmed by reliable medical evidence. *Id.* Contrary to Plaintiff's assertion that "an ALJ must

give great weight [to her] subjective testimony of inability to perform light or sedentary work," (ECF No. 7 at 13) a claimant's "statements . . . concerning his or her symptoms," including pain "must be carefully considered," but the ALJ "is not required to credit them," *Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 363 (3d Cir. 2011); *but see Mason v. Shalala*, 994 F.2d 1058, 1067–68 (3d Cir. 1993) ("Where medical evidence does support a claimant's complaints of pain . . . the complaints should be given great weight and may not be disregarded unless there exists contrary medical evidence").

The ALJ is not required to defer to Plaintiff's characterization of her own impairments instead the ALJ must assess whether Plaintiff's characterization can "reasonably be accepted as consistent with the objective medical evidence and other evidence." 20 C.F.R. § 404.1529(c)(2); see also *Hartranft*, 181 F.3d at 362 (holding the ALJ is required to "determine the extent to which a claimant is accurately stating the degree of pain or the extent to which he or she is disabled by it"). The Court finds the ALJ did adequately consider both Plaintiff's complaints and the medical record.

The ALJ thoroughly incorporated Plaintiff's testimony regarding her symptoms. (Tr. at 22.) The ALJ noted Plaintiff testified she "experiences a burning pain during the day on the bottom of her feet," which was not alleviated by surgery. She also considered Plaintiff's testimony that due to her back pain "she cannot sit for a long period of time" she can only "walk her dog for 30 minutes" and if "she does not take her medication, she cannot do anything." (*Id.*) Plaintiff's testimony that "if she does not take the medication, she is in constant pain" and although the medication helps to reduce symptoms "it has side effects . . . including dizziness and difficulty

concentrating," but these side effects wear off "after a couple of hours," was likewise incorporated into the ALJ's analysis. (*Id.*)

Indeed, Plaintiff does not identify any particular element of her testimony or record of her subjective complaints that the ALJ failed to consider. (ECF No. 7 at 14.) Rather, she contends the ALJ should have found in her favor because her complaints were "amply supported by objective medical evidence." (*Id.*) However, the ALJ found differently and reported "claimant's allegations of total disability are inconsistent with the overall record." (Tr. at 23.) For example, the ALJ considered records from the Rutgers Comprehensive Pain Center between 2023 and 2024. (*Id.* at 25) These records included an April 18, 2024 evaluation where—although Plaintiff described her pain as a 9.5/10—the "musculoskeletal examination showed that her gait and station were within normal limits," her "cranial nerves 2-12 were grossly intact," as were her deep-tendon reflexes, and strength in her extremities was "5/5 throughout." (*Id.*) Some evaluations suggested Plaintiff had a mildly antalgic gait, but she did not have discomfort walking and she "did not use an assistive device for ambulation, and that her wrists and fingers had normal range of movement. (*Id.* at 29.)

The Court is satisfied that the ALJ gave careful consideration to Plaintiff's characterization of her symptoms and therefore did not err in finding those characterizations were not consistent with the record as a whole.

**B. The ALJ's findings were supported by substantial evidence.**

Plaintiff also challenges the ALJ's RFC findings, arguing the ALJ did not appropriately consider the medical evidence and disregarded the opinions of various clinicians who have evaluated the Plaintiff, or did not afford controlling weight a particular symptom Plaintiff experienced. Although the opinions of physicians are a valuable source of medical evidence, it is "the ALJ—not treating or examining physicians or State agency consultants—[who] must make

the ultimate disability and RFC determinations." *Chandler v. Commissioner of Social Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). There are many factors an ALJ may consider when deciding the persuasiveness of a medical opinion, but "the most important factors . . . [are] supportability and consistency." 20 C.F.R. § 404.1520c(b)(2). An ALJ must comment on these two factors when making persuasiveness determinations but has no obligation to comment on any other factors. 20 C.F.R. § 404.1520c(b)(2)–(3).

According to Plaintiff, in making the RFC determination, the ALJ "summarily dismissed the conclusions of the [State] Agency's medical consultants," without due consideration. (ECF No. 7 at 17.) This is simply inaccurate. The ALJ did consider the medical opinions of State Agency medical consultants and found them "partially persuasive." (Tr. at 29.) There were two parts the ALJ disagreed with. First, the ALJ believed Plaintiff had "greater physical limitations" than the consultants considered which would prevent Plaintiff from performing "light exertional work." (*Id.*) Second, the ALJ believed the consultants' finding "that claimant is limited in handling and fingering" was contradicted by the results of the consultants' examination. (*Id.*) Specifically, Plaintiff had a 5/5 grip strength without spasms in the hand or neck. (*Id.*) Although the ALJ had two disagreements with the consultants, Plaintiff only considers the second disqualifying. (ECF No. 7 at 17.) Here, the ALJ correctly found the medical opinions of the State Agency consultants partially persuasive due to a lack of consistency.

Next, Plaintiff believes Dr. Bagner's finding that Plaintiff has a "mildly antalgic gait" (Tr. at 556) conclusively undermines an RFC of sedentary work (ECF No. 7 at 17). According to Plaintiff "[i]t is difficult to imagine how an individual could walk up to 2 hours in an eight-hour work day, and be able to tolerate the standing required with a 'sit/stand' option at will," if they have a mild limp. (*Id.*) There is no medical or legal support provided for Plaintiff's assertion. (*Id.*)

Where "Plaintiff provides no citations to the record to support this conclusory argument . . . [t]he Court will not hunt through the record or construct Plaintiff's arguments for [her]." *Michael C. v. Kijakazi*, Civ. A. No. 20-19352, 2023 WL 4740911, at *7 (D.N.J. July 25, 2023).

Finally, Plaintiff further argues the ALJ's RFC finding is not based on substantial evidence because it did not accord full weight to the opinions of "Dr. Rodrigues, the Plaintiff's treating Chiropractor [sic]." (ECF No. 7 at 18.) "However, a chiropractor's opinion is not an acceptable medical source," and is not entitled to the degree of consideration given to the opinions of treating physicians. *Hartranft*, 181 F.3d at 361 (citing 20 C.F.R. § 416.913); *see also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1160 (11th Cir. 2004) (explaining an ALJ may "discount [a] chiropractor['s] . . . opinion" because a chiropractor "is not considered an 'acceptable source' and, thus, his opinion cannot establish the existence of an impairment"). More importantly, the ALJ did fully consider the opinion of Dr. Rodrigues and found it unsupportable because it was "based on treatment prior to the period at issue," over three years before the ALJ's decision, and that the opinion was speculation "based mainly on the claimant's self-reports . . . without the benefit of more recent treatment." (Tr. at 29.)

## V. CONCLUSION

For the reasons set forth above, and for good cause having been shown, Plaintiff's appeal of the Commissioner's final decision is **DENIED**, and the ALJ's decision is **AFFIRMED**.

Date: November 12, 2026

**/s/ *Brian R. Martinotti***
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**